1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9  AT SEATTLE

10  PAUL SCOTT ARMSTRONG                    CASE NO. C13-2240 RSM

11                    Petitioner,           ORDER DENYING§2255 MOTION
                                           (CR12-186 RSM)
12            v.

13  UNITED STATES OF AMERICA

14                    Respondent.

15

16      Federal prisoner Paul Scott Armstrong has filed a motion under 28 U.S.C.§2255 to

17  vacate, set aside, or correct his sentence. Dkt. # 1. For the reasons that follow, Petitioner's 28

18  U.S.C.§2255 motion shall be denied.

19      Petitioner entered a guilty plea to possession of child pornography, in violation of 18

20  U.S.C. 2252(a)(4)(B) and (b)(2), in the underlying criminal matter pursuant to Fed. R. Cr. P.

21  11(c)(1)(C). *United States v. Armstrong*, Case No. 12-cr-186-RSM, Dkt. # 31. In this§2255

22  motion, he contends that the government failed to disclose exculpatory evidence to the United

23  States Magistrate Judge before obtaining a search warrant in violation of his Fourth Amendment

24

rights. *See* Dkt. # 1. However, as part of the plea agreement, Petitioner waived "any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation."[1] *Armstrong*, Case No. 12-cr-186-RSM, Dkt. # 31, pp. 8-9. Generally, a movant may not collaterally attack the sentence if he enters a voluntary and intelligent guilty plea upon the advice of competent counsel. *See United States v. Broce*, 488 U.S. 563, 574 (1989). The movant may raise claims regarding whether the guilty plea was voluntary and intelligent or whether counsel was ineffective in advising movant to enter a plea. *See id.* at 569.

Petitioner's motion does not raise claims regarding whether the guilty plea was voluntary and intelligent, nor does it raise claims for ineffective assistance of counsel. Instead, Petitioner seeks to raise a Fourth Amendment exclusionary violation. Such claims are subject to the plea agreement waiver, which forecloses Petitioner from seeking collateral relief from his conviction or sentence. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding defendant may waive right to seek collateral relief). In addition, such claims cannot be raised on collateral review. *See Stone v. Powell,* 428 U.S. 465, 486–89 (1976) (discussing that exclusionary rule exists to deter Fourth Amendment violations by law enforcement; thus, it is a "judicially created remedy rather than a personal constitutional right"); *see also United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (holding collateral review of Fourth Amendment violation barred where government provided full and fair opportunity to litigate claim). Accordingly, Petitioner's 28 U.S.C.§2255 motion shall be DENIED.

---

[1] Waiver was conditioned upon receiving a sentence within or below the applicable sentencing guidelines range. Mr. Armstrong's advisory guideline range was calculated at 97-121 months. The Court imposed a 48-month custodial sentence, which was well below the guideline range. *Armstrong*, Case No. 12-cr-186-RSM, Dkt. # 42.

**Certificate of Appealability**

An appeal of this Order may not be taken unless this Court or a Circuit Judge issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the district court dismisses the petition on procedural grounds, it must determine whether the petition states a valid claim for the denial of a constitutional right and that reasonable jurists would find the procedural ruling correct. *Id.* at 474. The Court concludes that a certificate of appealability should not issue because Petitioner has failed to make a substantial showing that he was denied a constitutional right, and that jurists of reason would not find it debatable whether the Court was correct in any procedural or substantive ruling.

Therefore, it is hereby ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, Correct, or Correct the Sentence (Dkt. # 1) shall be DENIED;

(2) No Certificate of Appealability shall be issued.

Dated this 29 day of January 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE